IDAHO & W. N. R. R. v. NAGLE et ux.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,842.

1. EMINENT DOMAIN (§ 106*)—TAKING PROPERTY FOR PUBLIC USE—"DAMAGE."
   A railroad's interference with a property owner's right to ingress and egress by means of a street on which his property abuts is "damage" within Const. Wash. art. 1, § 16, providing that no private property shall be taken or damaged for public or private use without just compensation.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 282–289; Dec. Dig. § 106.*
   For other definitions, see Words and Phrases, vol. 2, pp. 1812–1820; vol. 8, pp. 7625, 7626.]

2. EMINENT DOMAIN (§ 104*)—TAKING PROPERTY FOR PUBLIC USE—"DAMAGE."
   Where the line of a commercial railroad is constructed along a street near plaintiff's residence block in a city, the jarring of the earth of respondent's lots, the casting of soot and cinders thereon, the emission of smoke physically injuring property, constitute "damage" within Const. Wash. art. 1, § 16, providing that property shall not be taken or damaged for public use without just compensation.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 278–281; Dec. Dig. § 104.*
   Consequential and indirect damages, see note to High Bridge Lumber Co. v. United States, 16 C. C. A. 468.]

3. EMINENT DOMAIN (§ 91*)—OPERATION OF RAILROAD TRAIN—GENERAL AND SPECIAL INJURY.
   An adjoining property owner cannot recover damages to his property caused by the operation of a railroad train on an adjoining right of way

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

without proof of special injury substantially different in kind from that suffered by the public at large.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 234, 235; Dec. Dig. § 91.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Eastern District of Washington.'

Action by Philip Nagle and wife against the Idaho & Washington Northern Railroad. Judgment for plaintiffs, and defendant brings error. Affirmed.

Albert Allen, Charles L. Heitman, and W. G. Graves, for plaintiff in error.

W. H. Plummer and Fred Miller, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The plaintiffs in the court below, who are defendants in error here, were at the times in question the owners of a parcel of land at the corner of State avenue and Second street in the city of Newport, state of Washington, a municipal corporation of that state, which parcel of land was known as lots 1, 4, 5, 8, 9, 12, and 13 of block 10 of Talmadge's addition to the city, and on which they had a two-story residence. Their premises fronted on State avenue, the eastern line of which constituted the boundary line at that point between the states of Washington and Idaho, and were also bounded on the northerly side by Second street. The defendant railroad company, which is the plaintiff in error, was granted by the city authorities a certain right of way through the city for the construction of a railroad, under which grant the company, without condemning or otherwise acquiring any right from the plaintiffs, constructed a road along such right of way, and proceeded to operate it. In their complaint the plaintiffs alleged, among other things:

"That said railroad in its construction and operation passes through the northwest corner of block 10, and passes within 25 feet of the northwest corner of lot 1 in said block, which is owned by these plaintiffs; that is to say, the center line of said tracks of said defendant railway is within 25 feet of the northwest corner of said lot, and that said railroad in its construction, operation, and maintenance cuts diagonally across Second street and State avenue, occupying and using both of said streets just immediately northeast of plaintiffs' said premises, and in the construction of its said railroad and in making the road thereof the defendant has dug and made a deep ditch or excavation for its said road in the earth, which is about 10 feet deep at State avenue, and averaging from 1 to 10 feet deep on Second street just northeast of plaintiffs' said premises.

"That the said defendant by the building and construction of said railroad and in the making of the said excavation as aforesaid has cut off and closed immediately eastward and on the front of plaintiffs' said premises all use and easement in said State avenue, and thereby cut off the use and easement of said Second street, which said use and easement from the north and east has been destroyed, and the access to plaintiffs' said premises to and from all that portion of the said city lying north and easterly therefrom has been cut off and destroyed, and the easement in and the use of sidewalks on State avenue and Second street adjoining plaintiffs' property on the north and east, and the access and travel by team to and from plaintiffs' said premises along the said streets has been interfered with, impaired, and rendered dangerous.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"That over and upon said line of railroad as above described the defendant is conducting, and will continue to conduct, a general traffic railway business, and using and operating thereon heavy passenger and freight cars and locomotives propelled by steam power, and, by reason of the fact that said premises are located near the terminus of said railroad, trains of cars and engines are permitted to stand upon the track just north of plaintiffs' said premises and easterly thereof, cutting off the view, obstructing travel, ingress and egress to and from plaintiffs' property, and rendering it dangerous to plaintiffs and their family to cross defendant's tracks at any time during the day or nighttime; that said trains and locomotives passing at all times both in the day and nighttime cause in front of plaintiffs' premises great noise and confusion, to wit, ringing of bells, escape of steam, smoke, and cinders, blowing of whistles, the rattle of cars, and a rumble and vibration that severely jars said premises, and while so passing cast and blow off large quantities of smoke, cinders, soot, sparks, noxious odors, and gases, all of which are forthwith blown or cast upon plaintiffs' said premises, thereby polluting and rendering the air unwholesome and disagreeable, exposing many buildings placed upon said premises to danger of destruction by fire, and, together with the noise aforesaid, subjecting plaintiffs or the occupants of said premises or buildings placed thereon, and which are now erected thereon, and all who may or shall occupy said premises, and who do now occupy said premises, to great discomfort, annoyance, and disturbance.

"That prior to the construction and operation of said railway, the said State avenue and Second street and Newport avenue, and all the streets in the vicinity of plaintiffs' said property, were desirable residence streets, and plaintiffs' premises were especially desirable for residence purposes, and of a reasonable market value of $3,000, exclusive of the buildings placed thereon, together with all improvements, amounting in all to the reasonable value of $6,500, and were of little value for other purposes except residence purposes.

"That by reason of the construction and maintenance of said railroad and excavation, and the cutting off of plaintiffs' ingress and egress thereto, and depriving them of the use of the streets and alleys and walks, and the operation of said railway and the acts, matters, and things done in connection therewith, by the defendant as hereinbefore more specifically set forth, the plaintiffs' said premises have become undesirable for residence purposes, and have diminished in usable and market value, and have been damaged in the sum of $3,000, all of which damage and diminution in value, as well as the acts, matters, and things alleged as causing the same, were of and are peculiar to the plaintiffs' premises, and exclusive of that and those suffered by the plaintiffs and community in general."

These allegations the defendant company put in issue, the trial of which issues resulted in a verdict in the plaintiffs' favor for $1,500, for which sum, with costs, judgment was entered against the company.

The Constitution of the state of Washington provides, in section 16 of article 1 thereof, that:

"No private property shall be taken or damaged for public or private use, without just compensation having first been made or paid into court for the owner."

It is the settled holding of the Supreme Court of the state of Washington that interference with the right of the owner of property abutting on a street to ingress and egress is "damage" within the meaning of that constitutional provision. Lund v. Idaho & Washington N. R. R., 50 Wash. 574, 576, 97 Pac. 665, 666, 126 Am. St. Rep. 916, and authorities there cited. The same court in the preceding case of Smith v. St. Paul, Minn. & M. R. Co., 39 Wash. 355, 81 Pac. 840, 70 L. R. A. 1018, 109 Am. St. Rep. 889, held, among other things, that:

"The jarring of the earth of respondent's lots, and the casting of soot and cinders thereupon, and the emission of smoke physically injuring property, are injurious physical effects to the corpus of respondent's property, which, we think, come within the scope of the term 'damaged,' as used in the constitutional provision. If a railroad company cannot carry on its business upon its own property without necessarily disturbing the physical conditions of other property, it is evident that such company has not acquired sufficient property for the conduct of its business, and it should be required to pay such damages as the actual physical disturbance of the neighboring property entails thereupon."

These rulings of the Supreme Court of Washington with respect to real property rights within that state must be applied by us in the present case.

The evidence was somewhat conflicting as to the exact location of the defendant's road on Second street; but there was evidence tending to show that both on Second street and on State avenue its location was so near the plaintiffs' property and of such a character as to inconvenience and injure the plaintiffs in an essentially different manner from the public at large. The trial court instructed the jury in plain terms that, to entitle the plaintiffs to a recovery at all, it was incumbent on them to show such special damages, and that, unless they had done so to the satisfaction of the jury, a verdict should be returned for the defendant. The court also instructed the jury, in accordance with the rules established by the Supreme Court of the state, in respect to the damage alleged to have been sustained by the plaintiffs by reason of the smoke, soot, cinders, ashes, and noise caused by the defendant's trains. Upon each of the points in the case the charge was full, fair, and clear, and a careful examination of the record fails to disclose any error in the admission of evidence for which a reversal would be justified.

The judgment is affirmed.